UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JOHN TALLEY JOHNSON, JR.          )
                                 )
v.                               )          1:11-cv-62/1:10-cr-73
                                 )          *Mattice/Carter*
UNITED STATES OF AMERICA          )

## MEMORANDUM

Pending before the Court is a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 by John Talley Johnson, Jr., ("Johnson") (Criminal Court File No. 58).[1]  A review of the record reveals Johnson presently has an appeal pending.  Therefore, the Court concludes Johnson's § 2255 motion will be denied without prejudice.

Johnson's conviction has not become final for purposes of the one-year limitation period  under 28 U.S.C. § 2255 since he presently has an appeal pending.  Consequently, he has prematurely filed his § 2255 motion.  Absent extraordinary circumstances, a district court should not entertain a § 2255 motion while a direct appeal from the same conviction is still pending.  *United States v. Milledge,* 109 F.3d 312, 315 (6th Cir. 1997);*United States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S. 1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968).  *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996

---

[1]       Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

WL 160792; *United States v. Leggett,* 23 F.3d 409 (6th Cir. 1994) (unpublished table decision), *available in* 1994 WL 171441, at*1, *2; *Bishop v. United States,* 914 F.2d 1494 (6th Cir. 1990), (unpublished table decision), *available in* 1990 WL 140602. The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 at 484.

Nothing approaching an extraordinary circumstance is apparent in the motion or the record in this case. Accordingly, the Court concludes that the motion for post conviction relief will be **DENIED WITHOUT PREJUDICE.**[2]

An appropriate judgment will enter.


_____*/s/Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

_____

[2]    *See United States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. Feb. 6, 2001) (unpublished decision), *available in* 2001 WL 128435, at *1. (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)