UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHN TALLEY JOHNSON, JR., ) | |
| ) | |
| *Petitioner*, ) | |
| ) | Nos.: 1:10-cr-073-HSM-WBC-1 |
| v. ) | 1:13-cv-345-HSM-WBC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner John Talley Johnson, Jr. ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. Petitioner has also filed three motions for leave to amend the § 2255 motion to state additional claims for relief. For the reasons stated below, the motions to amend [Docs. 74, 83, and 84[1]] will be **DENIED**, the § 2255 motion will be **DENIED**, and this action will be **DISMISSED**.

**I.      Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail

---

[1]All citations to the record refer to the docket sheet in Criminal Action No. 1:10-cr-73.

under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.    Factual and Procedural Background

Petitioner was found guilty by a jury of possession with intent to distribute five grams or more of cocaine base ("crack") and being a felon in possession of a firearm. By judgment entered November 12, 2010, he was sentenced to concurrent terms of imprisonment of 150 months and 120 months, respectively, on the drug and firearm convictions, for a total effective term of imprisonment of 150 months. [Doc. 45, Judgment]. Petitioner did not appeal his convictions or sentence; instead, he appealed the Court's orders in his prior case denying his motion to suppress evidence and dismissing his original indictment without prejudice under the Speedy Trial Act.[2] The Sixth Circuit affirmed the Court's prior orders. [Doc. 63, Order entered April 6, 2012].

---

[2]Petitioner was originally indicted in Criminal Action No. 1:08-cr-97. In that case, petitioner moved to suppress evidence seized during a search of his car. After more than one year had

2

In affirming the denial of the motion to dismiss, the Sixth Circuit noted petitioner's argument that the warrantless search of his automobile was not reasonable because "the car's passenger compartment was not within his reach at the time he was arrested." [Doc. 63, Order, p. 2]. The Sixth Circuit summarized the evidence offered at the suppression hearing as follows:

> The following evidence was offered at Johnson's suppression hearing: On August 18, 2008, officers, using a confidential informant, orchestrated a controlled drug buy at 1345 Wilson Avenue in Cleveland, Tennessee. A woman named Rebecca Browning lived at the house, but Johnson did not. The informant, however, had given a physical description of a drug dealer associated with 1345 Wilson. The dealer was a black male from Chattanooga "in his 20s or 30s, short, heavy-set, with . . . tight cornro[w]s, and . . . carrying a black backpack," and in possession of a black semiautomatic handgun. This informant and a second informant told officers that Browning and a man, Rozono, "were actually paid in crack to allow [this drug dealer] to use their residence to sell crack," and that the residence was used to prepare crack cocaine for resale.
>
> Based on this information, Sheriff's Sergeant Jerry Rogers and others obtained a search warrant for 1345 Wilson, which they executed on August 22, 2008. As soon as they drove up to the house, two black males who had been standing next to a white vehicle parked in the yard fled on foot. One of the two men, Johnson, was apprehended and arrested. Sergeant Rogers recognized him as matching the physical description provided by the informant. No drugs or weapons were found on Johnson's person.
>
> Meanwhile, officers at 1345 Wilson secured the vehicle, whose doors had been left open. They noticed that sandwich baggies, of the sort used to package crack cocaine for resale, were lying on the ground around the vehicle and that a black backpack was inside, on the back seat behind

---

passed after the suppression hearing, petitioner moved to dismiss the indictment based upon speedy trial grounds. The Court then denied the motion to suppress and, one week later, dismissed the indictment without prejudice based upon a violation of the Speedy Trial Act. Petitioner was recharged by information on the day the indictment was dismissed without prejudice and was re-indicted two weeks later under Criminal Action No. 1:10-cr-73; the Court incorporated the proceedings from Criminal Action No. 1:08-cr-97 into Criminal Action No. 1:10-cr-73.

3

the driver's seat. No drug residue was found on the baggies. A detective "noticed the strong order of marijuana, or odor associated with marijuana," on the backpack, which was searched. Inside the backpack were 1.5 ounces of crack cocaine, marijuana, and a loaded .380 pistol. The backpack also contained a "notice and referral for employment and training from the Tennessee Department of Human Services," which bore Johnson's name, signature, and Social Security number.

[*Id*. at 3-4].

The Sixth Circuit then determined that the search of petitioner's vehicle was valid.

> We affirm the denial of Johnson's motion to suppress, because several factors collectively supported the district court's determination that there was probable cause for the search of the car: the officers had a dependable informant's relatively detailed description of the unnamed primary drug dealer associated with 1345 Wilson, and Johnson matched that description. Johnson fled when officers drove up. Officers observed that baggies of a type often used to package crack cocaine for resale were scattered around the car. A black backpack was plainly visible on the car's back seat, and the informant had described the drug dealer as carrying such a backpack. One officer claimed to have smelled marijuana as he poked his head into the car's open doors. Finally, because Johnson was believed to be the primary supplier of crack cocaine to 1345 Wilson, where it was sold to buyers on the street, the officers could reasonably believe that he used the car to transport drugs to the house.

[*Id*. at 4 (footnote omitted)].

In support of his § 2255 motion to vacate sentence, petitioner claims he received ineffective assistance of counsel because his attorney failed to (1) investigate the case, interview witnesses, or prepare for trial; (2) move for a *Franks* hearing; (3) move for a mental evaluation of petitioner; (4) advise petitioner of the elements of the crime; and (5) advise petitioner of his sentencing exposure. Petitioner also filed three motions to amend the § 2255 motion to state additional claims for relief. For the following reasons, the motions to amend are time-barred and will be denied.

4

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In this case, the statute of limitation commenced when the ninety-day period for seeking certiorari review of the Sixth Circuit's decision expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). The Sixth Circuit affirmed the Court's rulings by order entered April 6, 2012, and his conviction thus became final on July 5, 2012. Accordingly, petitioner had until July 5, 2013, within which to file his § 2255 motion.

Petitioner timely filed his original § 2255 motion on April 2, 2013 [Doc. 73]. Petitioner's motions to amend the § 2255 were filed on October 15, 2013 [Doc. 75], July 9, 2014 [Doc. 83], and September 12, 2014 [Doc. 84]. The question, then, is whether the motions to amend are timely because they "relate back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

In his first motion to amend, petitioner alleges his attorney failed to file for a writ of certiorari to the Supreme Court and that he is entitled to relief based upon the recent

5

Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In his second motion to amend, petitioner alleges that the Court imposed an illegal sentence. In the third motion to amend, petitioner again alleges that the Court imposed an illegal sentence and that counsel failed to challenge the illegal sentence.

Petitioner's motions to amend raise new claims for relief which are unrelated to his original claims of ineffective assistance of counsel. His new allegations do not relate back to the original pleading, are time-barred, and will not be considered by the Court. To the extent petitioner claims he is entitled to relief under the recent *Alleyne* decision, the Sixth Circuit has held that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). The Court will consider petitioner's original claims of ineffective assistance of counsel on the merits.

### III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771

6

(1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Petitioner has alleged five instances of ineffective assistance of counsel, each of which the Court will address in turn.

### A. Trial Preparation

Petitioner alleges his attorney failed to adequately prepare for trial in that he did not conduct a proper pretrial investigation nor interview witnesses. According to petitioner, had counsel done so he would have discovered that the door to his car was not open at the time of his arrest. Petitioner has not, however, provided any factual support for these claims. He does not identify the witnesses that should have been interviewed

7

nor the substance of their expected testimony, other than his claim that the car door was not open.

A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

**B.** *Franks* **Hearing**

Petitioner alleges his attorney rendered ineffective assistance of counsel due to his failure to request a *Franks* hearing with respect to the search of petitioner's automobile. According to petitioner, the circumstances of his arrest were not consistent with the testimony of the officers at trial, which would have given the jury a reasonable doubt as to his guilt. Presumably, petitioner is claiming that a *Franks* hearing would have yielded evidence with which he could have impeached the officers at trial.

The decision in *Franks v. Delaware*, 438 U.S. 154 (1978), concerned the validity of a search warrant and the veracity of an affidavit supporting the warrant. The Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

8

*Id*. at 155-56. The Court further held that, if at the hearing the defendant establishes by a preponderance of the evidence that the affidavit contained a false statement that was necessary to a finding of probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156.

Petitioner has made no showing whatsoever that the search warrant in this case was based upon false statements. Thus, there was no basis for counsel to have requested a *Franks* hearing and counsel was not ineffective in failing to request such a hearing. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

### C. Mental Evaluation

Petitioner alleges his attorney should have reviewed petitioner's medical history and the medications he was on, and thus requested a competency hearing. According to petitioner, there were clear indications of his incompetence to stand trial. He does not, however, identify what those indications were.

The standard for determining whether a defendant's competence should be evaluated is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). There is nothing in the record to suggest that petitioner was not competent to stand trial. A court is only

required to conduct a competency hearing where there is "substantial evidence of a defendant's incompetency." *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). There being no evidence of petitioner's incompetence, the Court would not have held a competency hearing and counsel was not ineffective in failing to request one.

### D. Elements of Offense / Sentencing Exposure

In an affidavit attached to his Memorandum in support of the motion to vacate sentence, petitioner also alleges his attorney never advised him of the elements of the charged offenses or of the sentence to which he would be exposed. Again, petitioner provides no factual support for these conclusory claims nor does he state how he was prejudiced by counsel's alleged failure in this regard.

To the extent petitioner may seek to allege that counsel should have advised him to accept a guilty plea, such a claim would lack merit. "A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (citation omitted).

The Court notes that petitioner continues to insist he is innocent of the charges for which he was convicted. [Doc. 73, Motion to Vacate Sentence, Exhibit 1, Memorandum, pp. 1-2]. Given that, it is not likely petitioner would have accepted a plea offer. In addition, "there is a significant difference between the consequences emanating from a decision to reject a plea agreement and not plead guilty and the decision to enter a guilty

10

plea." *Johnson v. Duckworth*, 793 F.2d 898, 901 (7th Cir. 1986). "The rejection of a plea agreement, in most instances, will result in the defendant going to trial with all of the concomitant constitutional safeguards that are part and parcel of our judicial process." *Id*. at 900.

Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

## IV. Conclusion

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                */s/ Harry S. Mattice, Jr.*
                HARRY S. MATTICE, JR.
                UNITED STATES DISTRICT JUDGE